BELL *et al.*, *vs.* RAWSON *et al.*

1. The appearance of a principal in a *ca. sa.* bond at the term when he is bound to appear, is a discharge of his sureties.
2. After a defendant in *ca. sa.* has given bond, his rearrest under the *ca. sa.* at the instance of the plaintiff, is a discharge of the sureties.

Motion to set aside Judgment, in Baker Superior Court. Decided by Judge ALLEN, at May Term, 1860.

A *ca. sa.* process having issued in favor of Rawson & Moriman, against James D. Hampton, returnable to the November Term, 1858, said Hampton was arrested thereon by the sheriff during the session of the Court at the preceding May Term, and was, by order of the Court, discharged because he was then in attendance upon the Court as a party in another suit. It appears that he was subsequently arrested, and gave one Keaton as his security on *ca. sa.* bond, and that his was surrendered up in Court by his security at the next

November Term and placed in the custody of the sheriff, when he gave a second bond, with James B. Bell and others, as his securities thereon, for his appearance at the next term of said Court. At the November Term, 1859, said bond was forfeited and judgment entered up against the parties thereto on account of the non-appearance of the said Hampton. On which judgment a *fi. fa.* was issued against said principal and securities, and was proceeding against them, when said securities filded their affidavit, alleging that said *fi. fa.* was proceeding against them illegally on several grounds, which the Court, on the hearing, overruled.

The defendants then moved the Court to set aside said judgment of forfeiture on several grounds stated ; among which are the following, and the only ones deemed necessary to be here given :

1st. Because the said James D. Hampton, the principal defendant, did "appear" at the May Term, 1859, of said Court.

2d. Because plaintiffs, under said *ca. sa.*, arrested said Hampton, thereby taking him from the custody of his sureties and placing him in that of the sheriff, who released him from his custody by Hampton's giving another *ca. sa.* bond with other security.

SMITH, for plaintiff in error.

STROZIER & SLAUGHTER, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

1. This was a motion to vacate a judgment of forfeiture which had been rendered without notice to the defendants. Any cause which would have been good to prevent the judgment, was therefore good to vacate it. One cause assigned was, that the principal had in fact appeared at the term when he was bound to appear. This Court, in the case of *Tucker vs. Davidson*, 28 *Ga. Rep.*, 536, held that the *appearance* of the principal is all for which his sureties on a *ca. sa.* bond are liable. This ground, therefore, was a good one.

2. Another ground was, that the principal had been taken

out of the custody of his sureties by the plaintiffs in *ca. sa.*, through a second arrest under the *ca. sa.*  The sureties say that they were discharged from their bond, because the act of the plaintiffs in *ca. sa.* had deprived them of their legal power to comply with it.  Surely this also was a good ground for vacating the judgment.

Judgment reversed.